1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

JASON M. HART,

7
                            Plaintiff,

8
          v.

9

PATRICK COX, et al.,

                            Defendants.

10

Case No. 2:25-cv-00765-MJP-TLF

REPORT AND
RECOMMENDATION

Noted for <u>August 22, 2025</u>

11       Plaintiff Jason M. Hart, unrepresented by counsel, initiated this action on April 22,

12  2025, by filing a proposed civil rights complaint. Dkt. 1. On April 25, 2025, the Clerk of

13  Court issued a "notice of filing deficiency" to Plaintiff stating that by May 27, 2025,

14  Plaintiff must either pay the $405.00 filing fee or submit an "Application for In Forma

15  Pauperis" ("IFP"). Dkt. 2. The notice stated that the failure to correct the deficiencies

16  "may affect the status of your case, including dismissal of the action by the Court." *Id.*

17       The deadline for Plaintiff to cure his filing deficiency passed and the Court had

18  not received an IFP application with a certified copy of Plaintiff's prison trust account

19  statement or a filing-fee payment from him.

20       Accordingly, on June 25, 2025, the Court issued an order stating that by **July 9,**

21  **2025**, Plaintiff must either:

22       1.  File a complete IFP application including a certified copy of his prison

23           trust account statement; or

24

25

REPORT AND RECOMMENDATION - 1

1       2.  Pay the $405.00 filing fee.

2   Dkt. 3. The Order further stated that if Plaintiff failed to complete one of the above

3   requirements by the stated deadline, the Court would recommend this action be

4   dismissed for failure to properly prosecute and for failure to comply with a court order.

5   *Id.*

6       The deadline for Plaintiff to respond to the Court's Order has passed and Plaintiff

7   has failed to pay the filing fee, file an IFP application with a certified copy of his prison

8   trust account statement, or otherwise respond.

9       Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to

10  prosecute or to comply with these rules or any order of court, a defendant may move for

11  dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962),

12  the Supreme Court recognized that a federal district court has the inherent power to

13  dismiss a case sua sponte for failure to prosecute, even though the language of Rule

14  41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.

15  Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to

16  prosecute even without notice or hearing. *Id.* at 633.

17      In determining whether plaintiff's failure to prosecute warrants dismissal of the

18  case, the Court must weigh the following five factors: "(1) the public's interest in

19  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

20  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

21  merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439,

22  1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.

23  1986)). "The first two of these factors favor the imposition of sanctions in most cases,

24

25

while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first and second factors favor dismissal of the case. The third factor arguably also weighs in favor of dismissal because the Defendants have not been served in this case and thus have not performed any work on the case; Defendants would suffer little prejudice by the dismissal of the action. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Here, Plaintiff has been given two opportunities to cure the deficiencies in his IFP – one by the Clerk and one directly by the Court. Plaintiff has not responded to the Court's most recent order. The Court finds that dismissal without prejudice is the least drastic sanction available.

Accordingly, the Court recommends that the action should be dismissed without prejudice for failure to prosecute and for failure to comply with a court order.

<u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the action without prejudice for failure to prosecute and for failure to comply with a court order. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **August 22, 2025,** as noted in the caption.

Dated this 7th day of August, 2025.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4